UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>OLIVER SMITH,<br><br>                    Defendant | Case No.:  21-CR-40001-TSH |

### JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(b)

The United States of America and the defendant Oliver Smith, through their respective counsel, hereby submit this joint memorandum addressing Local Rule 116.5(b).

**As matters are proceeding to the satisfaction of all parties, the government and the defendant Smith request that the status conference scheduled for April 23, 2021 be cancelled and a further status conference date established approximately 60 days in the future.**

I.  **Local Rule 116.5(b)(1)**

On February 5, 2021 and February 17, 2021, the government produced automatic and voluntary, supplemental discovery as required by Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts. The defendant has scheduled an appointment to have his expert review digital devices seized during the investigation and will require time to review that evidence.

II. **Local Rule 116.5(b)(2)**

The government is pursuing the forensic analysis of additional digital devices seized by a foreign government and will provide access to the defendant according to the local rules and pursuant to the Federal Criminal Rules of Criminal Procedure.  Other than what is listed in the

preceding paragraphs, the government is not aware of any automatic discovery presently outstanding.

### III.     Local Rule 116.5(b)(3)

The defendant needs additional time to review the government's automatic discovery (and additional discovery to be produced) before determining whether it will be necessary to file a request for additional materials.

### IV.     Local Rule 116.5(b)(4)

There is no protective order in this case; the government reserves the right to file a motion for a protective order if necessary.

### V.      Local Rule 116.5(b)(5)

The parties agree that it is too early to set a motion schedule under Fed. R. Crim. P. 12(b). The parties ask that a motion date under Fed. R. Crim. P. 12(c), if necessary, be set at the next status conference after the defense has had a chance to complete its review of the discovery materials provided by the government during automatic discovery, as well as the additional materials the government has subsequently produced.

### VI.     Local Rule 116.5(b)(6)

The parties propose that expert disclosures for the government, if any, be due 45 days before trial and that the defendant's expert disclosures, if any, be due 21 days before trial.

### VII.    Local Rule 116.5(b)(7)

The defendant is still investigating a defense of insanity, public authority, or alibi.

### VIII.   Local Rule 116.5(b)(8)

The government and the defendant agree that the period from the defendant's first appearance upon his indictment on January 8, 2021 through April 23, 2021, the date set for the

interim status conference, was properly excluded by this Court's order on excludable delay. [D.29]. The government and the defendant further agreed that the time period between April 23, 2021, and the next status conference should be excluded because the parties have been and are using the period of the continuance to complete production and review of discovery, and also to explore a non-trial disposition of the case. Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

## IX.     Local Rule 116.5(b)(9)

The parties are actively engaged in plea discussions and hope to resolve this case short of trial. If a trial were to take place, the parties anticipate that the trial would last one week.

## X.     Local Rule 116.5(b)(10)

The government and the defendant request that a status conference date established approximately 60 days in the future to enable the defendant to review discovery and to enable the parties to explore the resolution of this matter short of trial. Forensic analysis of the digital devices is expected to take longer than thirty days.

Respectfully submitted,

| OLIVER SMITH, | NATHANIEL R. MENDELL |
| By his Counsel, | ACTING UNITED STATES ATTORNEY |

*/s/ Leonardo Angiulo*              By: */s/Kristen M. Noto*
Leonardo Angiulo, Esq.                   Kristen M. Noto
P.O. Box 2903                            Assistant U.S. Attorney
Worcester, MA 01613                      United States Attorney's Office
                                         595 Main Street, Suite 206
                                         Worcester, MA  01608

Date: April 20, 2021

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by regular mail to the participants who do not receive electronic filing.

                                                  */s/ Kristen M. Noto*
                                                  Kristen M. Noto
                                                  Assistant U.S. Attorney

Date: 4/20/21